UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KAREN LOWY AND DANIEL JAFFE<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION, et al.<br><br>Defendants | Civil Action No.: 23-721 (JMC) |

**JOINT STATUS REPORT**

Pursuant to the Court's order dated May 10, 2023, Plaintiffs Karen Lowy and Daniel Jaffe ("Plaintiffs") and Defendants United States Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI"), by and through undersigned counsel, report to the Court as follows.

1. This action, filed February 14, 2023, involves a Freedom of Information Act ("FOIA") request from Plaintiffs to the FBI dated July 28, 2022, that seeks records from the FBI as specified more fully in the request with respect to a shooting incident that occurred on April 22, 2022.

2. As stated in a prior status report, the FBI has determined that records responsive to the request are contained in an investigative file which contains over 4,200 pages of potentially responsive documents, as well as two potentially responsive videos. Since the last status report, the FBI states that it provided its final response to Plaintiffs by letter dated October 22, 2024.

3. Since the issuance of that letter, the parties have conferred and counsel for

Plaintiffs has advised that Plaintiffs do not currently expect to challenge the redactions on documents released in part but reserve their right to do so. Counsel for Plaintiffs will endeavor to confirm in an email to undersigned counsel by January 8, 2025 whether there are documents released in part that will be challenged or if briefing will be limited only to documents withheld in full.

4. Plaintiffs have requested that the FBI provide a Vaughn Index in advance of filing for summary judgment under the schedule below. The FBI has declined to do so and the parties' respective positions on that issue are as follows:

    a. <u>Plaintiffs' Position</u>: Counsel for Plaintiffs respectfully requests that the Court order the FBI to provide a Vaughn Index cataloguing all documents withheld in full by January 6, 2025.[1] The records at issue relate to a mass shooting that occurred more than two and a half years ago, and which was perpetrated by a single shooter who died by suicide in April 2022 (and who therefore cannot face prosecution). In the nearly two and a half years since Plaintiffs served their FOIA request on the FBI, the FBI has never identified an actual, contemplated enforcement proceeding with which disclosure of the

---

[1] Counsel for Plaintiffs made this request to counsel for the FBI by email on November 22, 2024. Counsel for the FBI stated that "the FBI is not in a position to provide a draft declaration/Vaughn in advance of filing for summary judgment. However, to the extent it is able, the FBI expects to be in a position to provide additional information about the basis for the withholdings in full (albeit not in the form of a draft declaration/Vaughn) in advance of the proposed summary judgment date in an effort to narrow issues in dispute." In response, counsel for Plaintiffs asked for a date certain by which the FBI would provide that information, and for a more specific description of what "additional information" the FBI would provide. Counsel for the FBI stated that the FBI "would expect" the information to be a general description of the records withheld in full (absent any exempt information) "and a paragraph or two explaining the application of the exemption(s) cited for withholding in full." Plaintiffs respectfully submit that this information will be insufficient to permit Plaintiffs to assess the legitimacy of the bases for withholding, and therefore unlikely to permit the parties to narrow the issues in dispute in advance of summary judgment briefing.

requested records could interfere. Moreover, three other law enforcement agencies—the Bureau of Alcohol Tobacco, Firearms and Explosives ("ATF"), District of Columbia Metropolitan Police Department, and the Fairfax County Police Department—have produced their investigative files in response to Plaintiffs' separate FOIA requests concerning the shooting, agreeing that the law enforcement exemption is inapplicable and cannot shield disclosure. Given that an agency must produce a document responsive to a FOIA request unless it falls under one or more of FOIA's enumerated statutory exemptions, the FBI presumably has already identified the basis for withholding for each document it has declined to produce, and preparing a Vaughn Index therefore should not be unduly burdensome or time consuming. *Cf. Burka v. U.S. Dep't of Health & Hum. Servs.,* 87 F.3d 508, 515 (D.C. Cir. 1996) (because FOIA statute "establishes a strong presumption in favor of disclosure, requested material must be disclosed unless it falls squarely within one of the [specific] exemptions carved out in the Act.") (citations omitted). And because production of a Vaughn Index will permit Plaintiffs to assess the claimed bases for withholding and aid the parties in narrowing the number of issues and documents in dispute, Plaintiffs respectfully submit that it would be more efficient to order the agency to produce its Vaughn Index in advance of summary judgment briefing. *See Schoenman v. FBI*, 604 F. Supp. 2d 174, 195 (D.D.C. 2009) ("[T]he Court agrees that, until the FBI provides a final *Vaughn* index, neither the court nor Plaintiff is in a position to evaluate the validity of the FBI's withholdings . . . .").

    b. <u>Defendant's Position</u>:  Defendants assert that a supporting declaration and/or *Vaughn* index should be filed at the same time as Defendant's motion for summary judgment not in advance of the motion as proposed by Plaintiff.  *Twist v. Ashcroft*, No.

01-1163, 2002 U.S. Dist. LEXIS 4115, at *3 (D.D.C. Mar. 11, 2002) ("In the ordinary FOIA case, a *Vaughn* index is produced in conjunction with the defendant's summary judgment motion" not prior to the motion.), *adopted*, 2002 U.S. Dist. LEXIS 27600 (D.D.C. Mar. 27, 2002); *see also Khan v. DHS*, Case No. 22-2480 (TJK), Minute Order (Nov. 26, 2024) (rejecting plaintiffs' request that the government defendants provide a *Vaughn* index in advance of their motion for summary judgment). Moreover, as explained to Plaintiffs' counsel during the parties' conferral over this report, "the FBI advises that it currently has over 400 pending FOIA litigations, many of which have court-ordered or agreed-upon deadlines for processing, briefs, or other filings. In order to manage these competing deadlines, the FBI typically seeks 90 days to prepare for summary judgment briefing." The proposed date below for the FBI's motion takes into account its limited resources and these competing deadlines. Accordingly, not only is the provision of a declaration/*Vaughn* index (whether in final or draft form) in advance of summary judgment not required by FOIA, it would impose a significant strain on the FBI's limited resources were the Court to order the advanced production to Plaintiff of a final or draft declaration/index.

5. Although the parties are still conferring in an attempt to narrow issues in dispute, the parties propose the following schedule for briefing of cross-motions for summary judgment which allows additional time for the parties to confer:

| | |
|---|---|
| Defendant's Motion for Summary Judgment: | February 19, 2025 |
| Plaintiffs' Opposition and Cross-Motion: | March 26, 2025 |
| Defendant's Opposition and Reply: | April 23, 2025 |
| Plaintiffs' Reply: | May 21, 2025 |

Respectfully submitted,

MATTHEW M. GRAVES, D.C. BAR#481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: ____/s/ Jeremy S. Simon_____
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
601 D. Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.simon@usdoj.gov

*Counsel for Defendants*

       AND

 /s/ Kathryn M. Ali_____
Kathryn M. Ali (D.C. Bar No. 994633)
Elizabeth C. Lockwood (D.C. Bar No. 1029746)
ALI & LOCKWOOD LLP
501 H Street NE, Suite 200
Washington, D.C. 20002
(202) 651-2476
katie.ali@alilockwood.com
liz.lockwood@alilockwood.com

H. Christopher Boehning (*admitted pro hac vice*)
Jacobus J. Schutte (*admitted pro hac vice*)
Jenifer N. Hartley (*admitted pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
cboehning@paulweiss.com
jschutte@paulweiss.com
jhartley@paulweiss.com

*Counsel for Plaintiffs*